The submission and award were void. (Peck v. Cameron, in Court of Appeals, not reported.) The award was made the 13th of August, 1850. The deed for the farm which was awarded to William H. Cameron, which was signed and sealed by all the heirs of William Cameron, the intestate, and by his widow, and delivered absolutely and upon no condition to William H. Cameron a few days after the award, was good and operative between the parties, though not witnessed or acknowledged, and took effect immediately on its delivery. (Wood v. Chapin, 3 Kern., 514; 17 Barb., 103.)
By the act of 1848, as amended in 1849, Nancy Peck, the wife of the defendant, could convey to William H. Cameron her estate or interest in the farm awarded to him as if she had been a femesole. Her husband's rights or estate as tenant by the curtesy, was subject to his wife's power of conveyance given by the statutes.
The 30th of May, 1851, William H. Cameron released all his interest in the estate, except the farm awarded to him, to all the heirs except the defendant's wife. He and the widow, also, after the award, and it is to be presumed from the case, after the delivery of the deed to him of the farm awarded to him, paid the sums of money required by the award to be paid by them to the heirs, except that the defendant's wife refused to accept the $100, which by the award William H. Cameron was to pay her. *Page 49 
The widow lived on and had possession of the farm in which she was awarded a life estate until 1856, when she executed to the plaintiff two leases, with covenants of peaceable possession for the locus in quo, under which the plaintiff was holding at the time of the alleged entry and trespasses.
It is to be presumed, I think, that the widow would not have executed the deed to William H. Cameron, or paid the money she was required to pay by the award, or give the leases to the plaintiff with covenants of peaceable possession, if the defendant's wife had not ratified the award, so far as to execute the deed to William H. Cameron for the farm awarded to him. Therefore, I think she was estopped, at least so far as asserting a right of entry, possession or title against the plaintiff, and if she was estopped, her husband was, his rights being derived from her or coming by virtue of her estate.
I think the judgment of the Supreme Court should be reversed.
DAVIES and WRIGHT, Js., were also for reversal.
Judgment affirmed.